_____

No. 23-1431
_____

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

DEMETRIC SIMON,

*Plaintiff-Appellant*,

v.

KEITH GLADSTONE, *et al.*,

*Defendants-Appellees*.

_____

**On Appeal from the United States District Court
For the District of Maryland at Baltimore**

_____

**DEFENDANTS-APPELLEES' RESPONSE IN OPPOSITION TO
PLAINTIFF/APPELLANT'S POST-ARGUMENT DISCOVERY MOTION**

_____

EBONY M. THOMPSON
  City Solicitor

MICHAEL REDMOND
  Director, Appellate Practice Group

James A. H. Corley
Alexa E. Ackerman
  Chief Solicitors

BALTIMORE CITY DEPARTMENT OF LAW
100 N. Holliday Street
Baltimore, Maryland 21202
(410) 396-7536
michael.redmond@baltimorecity.gov
jim.corley@baltimorecity.gov
alexa.ackerman@baltimorecity.gov
*Counsel for Defendants-Appellees*

## **THE POST-ARGUMENT DISCOVERY MOTION SHOULD BE DENIED**

Per the Court's request for a response, Doc. 45, the Defendants/Appellees Baltimore Police Department ("BPD"), *et al.*, through their undersigned counsel, hereby respectfully submit this response in opposition to Plaintiff/Appellant's wildly inappropriate motion seeking post-briefing, post-argument, irrelevant appellate discovery, Doc. 44-9. By filing this motion, Appellant's counsel attempts to inject entirely new issues into this matter at this extremely late point in the appeal and asks for relief that is not just procedurally impermissible, but is also sanctionable in its frivolousness.

Opposing counsel's only authority in support of the procedural propriety of his request is easily distinguishable. The only reason the Eleventh Circuit required appellate discovery production of a high-low settlement agreement in the *Monsanto* case was to settle a dispute over whether an actual controversy existed to provide it with jurisdiction to hear the appeal. *See Carson v. Monsanto Co.*, 72 F.4th 1261, 1265 (11th Cir. 2023) (Court has an "independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute"); *accord Linde v. Arab Bank, PLC*, 882 F.3d 314, 324 (2d Cir. 2018) (review of settlement agreement shows that jurisdiction remains because "the parties continue to dispute the legal basis for the jury's liability determination and retain a significant financial stake in this appeal"). As Appellant's counsel himself admits, in this appeal, "there is not a

1

'case or controversy' concern, as Plaintiff/Appellant Simon is appealing here." Doc. 44-9 at 20.  Accordingly, the motion's request is entirely procedurally improper.

Moreover, the motion also seeks information that is entirely irrelevant to this appeal.  **There was no high-low settlement offered to Appellant Simon in this case**.  Likewise, **there was no high-low settlement offered to Eric Rich** in the lawsuit that led to both *Rich v. Hersl*, No. CV ELH-20-488, 2021 WL 2589731 (D. Md. June 24, 2021) and *Rich v. Hersl*, No. CV ADC-20-488, 2023 WL 4669551 (D. Md. July 20, 2023).[1]  Indeed, **the BPD has not entered into any high-low settlement agreements in any other lawsuits related to the misconduct of the members of the Gun Trace Task Force** ("GTTF") since the high-low settlement agreements that allowed a swift, authoritative resolution of an open legal question[2] in *Baltimore City Police Dep't v. Potts*, 468 Md. 265, 227 A.3d 186 (2020).

---

[1] The unreported 2021 opinion in *Rich* dismissed claims barred by the statute of limitations against all but one defendant and was not appealed.  The unreported 2023 opinion in *Rich* granted summary judgment to the sole remaining defendant because, after 16 months of discovery, Rich could produce no evidence that the defendant lacked probable cause to arrest him.  Rich is currently appealing the 2023 decision pro se.  The Court assigned Rich counsel, but that counsel withdrew due to "irreconcilable differences in the proper way to conduct Mr. Rich's appeal." *See* 23-6775, Doc. 21 at 2.

[2] That question was whether the GTTF officers' behavior could be deemed within the scope of their employment with BPD under Maryland law.  The affirmative answer that case provided has informed BPD's settlement negotiations and litigation strategy in subsequent cases for the last four years.

Accordingly, the only tangential connection that opposing counsel even attempted to make between the documents that he now asks to have produced and the appeal before this Court is completely non-existent.

Opposing counsel has absolutely no factual basis for making his wide-ranging conspiratorial accusations. He has not been a signatory to, representative of, or participant in any of the other cases involving GTTF officers, and thus has no basis in reality for his unsupported accusation concerning the nature of settlements between BPD and individual plaintiffs involved in GTTF cases. Likewise, his insistence that the high-low agreements that led to *Potts* were somehow nefarious or improper is flatly absurd, and an insult to Judge Andre M. Davis, who was City Solicitor at the time of those agreements. Although it is understandable that the plaintiffs' bar would like for the details of BPD's confidential settlement negotiations in other cases to be made public, so that they could try to use them to squeeze as much money from the public coffers as possible in future negotiations, there is absolutely no relevance of such documents to the legal issues currently pending before this Court in this appeal.

Opposing counsel does not offer any legitimate reason for granting the extraordinary and unprecedented relief he requests in this motion, and this post-briefing, post-argument request for irrelevant appellate discovery therefore should be denied.

3

Dated:  April 24, 2024				Respectfully submitted,

						Ebony M. Thompson
						  City Solicitor

						____/s/_____
						Michael P. Redmond
						  Director of Appellate Practice

						James A. H. Corley
						Alexa E. Ackerman
						  Chief Solicitors, Office of Legal Affairs

						CITY OF BALTIMORE LAW DEPARTMENT
						100 N. Holliday Street, Suite 101
						Baltimore, Maryland 21202
						Telephone: (410) 396-7536
						E-mail: jim.corley@baltimorecity.gov
							   alexa.ackerman@baltimorecity.gov
							   michael.redmond@baltimorecity.gov

						*Counsel for Defendants/Appellees*

4

## CERTIFICATE OF COMPLIANCE
## WITH LENGTH AND TYPEFACE LIMITATIONS

1.  This Response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 978 words.

2.  Pursuant to Fed. R. App. P. 27(d)(E), this Response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

_____/s/_____
Michael P. Redmond

## CERTIFICATE OF SERVICE

I certify that on April 24, 2024, the foregoing Response was served on counsel for Appellant through the CM/ECF system.

_____/s/_____
Michael P. Redmond