IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **DEMETRIC SIMON** | * |
| **Plaintiff/Appellant** | * |
| v. | *   Case No. 23-1431 |
| **KEITH GLADSTONE, ET. AL.** | * |
| **Defendants/Appellees** | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>SUPPLEMENTAL APPELLATE MOTION AUTHORITY</u>

Ms. Nwamaka Anowi
Clerk of the Court
Fourth Circuit Court of Appeals
U.S. Courthouse Annex
1100 E. Main Street, Suite 501
Richmond, VA 23219-3517

      Re:  Supplemental Authority
           *Demetric Simon v. Gladstone, et. al.*
           Appeal No: 23-1431
           RE: Pending Motion Seeking Disclosure of Related "High-Low" or Similar Settlement Agreements in *Potts, James, Rich*, and any other similarly "Manufactured" or "Collusive" settlements in GTTF Cases Affecting Precedent and "Persuasive" Authority Argued to this Court.

Dear Ms. Anowi:

Appellant Demetric Simon, respectfully submits the foregoing supplemental authority under FRAP 27 and 28 (j) and Local Rule 28(e) of the Published Opinion on June 18, 2024, by Judge Richardson, of this Court

1

in *United States ex Rel Jon H. Oberg,* and *Michael Camoin (Movant/Appellant)* v. *Nelnet, Inc. et. al.,* which discusses the common law and First Amendment rights to the general public to access "sealed" documents attached to a Motion for Summary Judgment, that was later settled, and the party seeking the information was not a party to the litigation.

While not on all fours with the facts in the pending <u>Motion seeking Disclosure of Related "High-Low" or Similar Settlement agreements […]</u> the last third of the *Camion* Opinion, is supportive of Appellant Simon's motion. This Court, disagreed with the trial court's determination because "the parties settled before any resolution of the summary judgment motions, […] the requested documents played 'no adjudicative role' in the case, and that Camoin therefore has no right to access them" as related to his own related litigation. *Slip. Op.,* at 15. This Court noted when a *filing* is made leads to "judicial resolution," First Amendment rights are implicated. *Id,* at 16. As Appellant previously outlined, the use of "creative" side deal agreements under the umbrella of settlement, but kept secret from the Courts, and *post facto* directly related to the Certification filings made in the Federal District Court, is very much related to the "judicial resolution" in the Maryland Supreme Court cases, the originating Courts which "Certified" the

2

questions, the *Rich v. Hersl* earlier District case, also before this Court on appeal, and the present *Simon v. Gladstone* appeal.

This Court further states in *Camion,* "[t]he public has an interest in ensuring basic fairness and deterring official misconduct not only in the outcome of certain proceedings, but also in the very proceedings themselves." *Id,* at 17.   [Thus] "it is up to the public to decide 'why the case was brought (and fought) […] and what exactly was at stake in it.' *Id.* (Citations Omitted)

Appellees are from a governmental entity, with little to no actual "confidential stakes" of a private entity, especially with misconduct concerns in having kept undeniably "secret" the purported "high-low" agreements they obtained with an extra amount of settlement payoff of $168,000 and $368,000, to single parties, meant to obtain positive precedent for BPD, whilst sabotaging all other Plaintiffs seeking relief for grievous civil rights violations.  Details matter, and these agreements, were designed, to *secretly* help ensure, BPD wouldn't have to pay anything for their support and long-time condonation of significant civil rights violations of their employee police officers.

Your assistance in bringing this supplemental authority to the attention of the Court is appreciated.

3

Respectfully Submitted,

/s/ Michael Wein
Michael Wein, Esquire
*Law Offices of Michael A. Wein, LLC*
7845 Belle Point Drive
Greenbelt, MD 20770
(301) 441-1151
(301) 441-8877 (Fax)
Bar Number: 15950

weinlaw@hotmail.com

## **CERTIFICATE OF COMPLIANCE**

1. This brief or motion complies with the typeface requirements of FRAP 32(a)(5) and FRAP 27 and the type style requirements of FRAP 32(a)(6) because this brief or motion has been prepared in a proportionately spaced typeface using the word processing system Microsoft Word in font size 14, type style Times New Roman.

2. This Motion complies with the type-volume limitation of FRAP 32(a)(7) and FRAP 27(d) (2) because this brief or motion contains 348 words, excluding the parts of the brief exempted by FRAP 32(f), and FRAP 27(d)(1)(E) as calculated by my word processor, Microsoft Word, in determining the count.

/s/ Michael Wein
Michael Wein
Counsel for Plaintiff/Appellant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  9th   day of  July, 2024, a copy of the foregoing Supplemental  was electronically filed, with notice to:

James Corley, Esquire
Alexa Ackerman, Esquire
Michael Redmond, Esquire
Baltimore City Department of Law
100 N Holliday St. Ste. 101 Baltimore, MD 21202
*Counsel for Appellees*

              **/s/** Michael Wein
              Michael Wein, Esquire