# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| **DEMETRIC SIMON** | * | |
|     **Plaintiff/Appellant** | * | |
| **v.** | * | **Case No. 23-1431** |
| **KEITH GLADSTONE, ET. AL.** | * | |
|     **Defendants/Appellees** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>SUPPLEMENTAL APPELLATE MOTION AUTHORITY</u>

Ms. Nwamaka Anowi
Clerk of the Court
Fourth Circuit Court of Appeals
U.S. Courthouse Annex
1100 E. Main Street, Suite 501
Richmond, VA 23219-3517

      Re:  Supplemental Authority
            *Demetric Simon v. Gladstone, et. al.*
            Appeal No: 23-1431
            RE: Pending Motion Seeking Disclosure of Related "High-Low" or Similar Settlement Agreements in *Potts, James, Rich*, and any other similarly "Manufactured" or "Collusive" settlements in GTTF Cases Affecting Precedent and "Persuasive" Authority Argued to this Court.

Dear Ms. Anowi:

      Appellant Demetric Simon, respectfully submits the foregoing supplemental authority under FRAP 27 and 28 (j) and Local Rule 28(e) of the Published Opinion on August 15, 2024, by Chief Judge Michael

1

Chagares, of the Court of Appeals for the Third Circuit, in *Schaffner v. Monsanto,* No. 22-3075 (3rd Cir., Dec. 8/15/2024). (Avail: https://www2.ca3.uscourts.gov/opinarch/223075p.pdf )

*Schaffner,* creates a Circuit Split on whether FIFRA expressly preempts, a duty to warn for lymphoma and cancers in "Round-up" cases. *Slip. Op.* at 13. After the Ninth Circuit loss, Defendant Monsanto sought to manufacture a "Circuit Split" in *Carson v. Monsanto Co,* 51 F.4th 1358 (11th Cir. 2022); 72 F.4th 1261 (11th Cir. 2023)(*en banc*). This was briefly discussed in the panel opinion, and at length by two Eleventh Circuit Judges. *See, Monsanto,* at 1271 (Wilson, Dissenting) ("The agreement required [Carson…] to fully prosecute this appeal [for the entire $100,000 payment […] Here, Monsanto—the prevailing party below—is the one paying for this appeal […] Rather than an honest attempt to liquidate damages and avoid the uncertainty of further litigation, this arrangement seeks to create it.")

*Schaffner* notes the new Circuit Split, and their *Keefe* precedent prohibits "truly adverse" settlement agreements being argued, which obviously *requires disclosure* thus "[w]e have reviewed the confidential settlement agreement between the parties to this case to verify [*Keefe's*] conditions are met, and we are satisfied that we have jurisdiction." *Slip. Op.* at 16.

This is a Question of First Impression in the Fourth Circuit, with other Circuits denouncing the practice. *See Gator.com Corp. v. L.L. Bean,* 398 F.3d 1125 (9th Cir. 2005). With the Third Circuit's decision, should the "Circuit Split" survive any requested *en banc* review, the ethical and legal contours of "high-low" appellate settlement agreements, could be a related Question of First Impression in the United States Supreme Court.

The "Minutes" discovery at pages 36-37, attached to an earlier "Supplement" with this Court, discussed these procedures were ongoing. (After losing the Maryland Supreme Court cases of *Potts* and *James,* "[Baltimore Office of Law] continues to believe that substantial savings to City taxpayers will be realized by virtue of the procedure employed.") Every Federal Circuit Court of Appeal requires these be provided the appellate court for review, and should be done in this case, on all potentially related BPD/GTTF cases argued by BPD as precedent, or persuasive value. Thus, the Third Circuit's *Monsanto* decision is supportive of Appellant Simon's motion.

Your assistance in bringing this supplemental authority to the attention of the Court is appreciated.

        Respectfully Submitted,

        /s/__Michael Wein_____
        Michael Wein, Esquire
        *Law Offices of Michael A. Wein, LLC*
        7845 Belle Point Drive
        Greenbelt, MD 20770
        (301) 441-1151
        (301) 441-8877 (Fax)
        Bar Number: 15950

        weinlaw@hotmail.com

## **CERTIFICATE OF COMPLIANCE**

1. This brief or motion complies with the typeface requirements of FRAP 32(a)(5) and FRAP 27 and the type style requirements of FRAP 32(a)(6) because this brief or motion has been prepared in a proportionately spaced typeface using the word processing system Microsoft Word in font size 14, type style Times New Roman.

2. This Motion complies with the type-volume limitation of FRAP 32(a)(7) and FRAP 27(d) (2) because this brief or motion contains 349 words, excluding the parts of the brief exempted by FRAP 32(f), and FRAP 27(d)(1)(E) as calculated by my word processor, Microsoft Word, in determining the count.

        _____/s/__Michael Wein_____
        Michael Wein
        Counsel for Plaintiff/Appellant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of August, 2024, a copy of the foregoing Supplemental Authority was electronically filed, with notice to:

James Corley, Esquire
Alexa Ackerman, Esquire
Michael Redmond, Esquire
Baltimore City Department of Law
100 N Holliday St. Ste. 101 Baltimore, MD 21202
*Counsel for Appellees*

                                                  **/s/** Michael Wein
                                                 Michael Wein, Esquire